NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CURTIS KIBLER,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-2218

---

Petition for review of the Merit Systems Protection Board in No. DC-0752-15-0915-I-1.

---

Decided: October 6, 2016

---

CURTIS KIBLER, Stafford, VA, pro se.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before DYK, O'MALLEY, and STOLL, *Circuit Judges.*

PER CURIAM.

Curtis Kibler petitions for review of a final order of the Merit Systems Protection Board dismissing Kibler's appeal for lack of jurisdiction. We *affirm*.

BACKGROUND

Kibler was employed as a Human Resources Specialist with the Department of the Army from May 5, 2014, until his resignation on May 11, 2015. He subsequently appealed to the Board, contending that his resignation was involuntary and generally alleging that he had been forced to resign due to a hostile work environment and because of "discrimination," "retaliation," and "disparate treatment." J.A. 7.

In particular, Kibler alleged that during his employment, the agency improperly handled his leave requests by requiring him to request leave by email instead of text message, denied him annual leave and leave without pay (LWOP), and forced him to take one day of administrative leave. He further alleged that he was not provided with performance standards until after he filed a successful grievance, and that a performance appraisal rating him as "Needs Improvement" on May 8, 2015, was erroneous. Finally, he alleged that his supervisor unilaterally canceled two of his client meetings, instructed him to take actions that he did not agree with, and assigned him work that was not properly his responsibility.

The administrative judge dismissed Kibler's appeal for lack of jurisdiction after concluding that Kibler's resignation was not involuntary. Kibler petitioned the Board for review, but the Board denied his petition in a final order and affirmed the administrative judge's determination of no jurisdiction. Kibler then petitioned this court for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

Although the Board has jurisdiction to review an employee's removal under 5 U.S.C. §§ 7701 and 7512, its jurisdiction does not extend to an employee's resignation, unless the resignation was involuntary and, therefore, tantamount to a constructive removal. *See Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1324 (Fed. Cir. 2006) (en banc). The employee bears the burden of proving involuntariness by a preponderance of the evidence and must, as a threshold matter, assert non-frivolous allegations that, if proven, would establish the Board's jurisdiction. *See id.* at 1344; *see also* 5 C.F.R. § 1201.56(b)(2)(i)(A). We review the Board's jurisdictional determinations *de novo*, but are bound by its factual determinations if supported by substantial evidence. *See Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

The dispositive question in this petition is whether Kibler's allegations, taken as true, were sufficient to demonstrate that his resignation was involuntary. We examine involuntariness using an objective standard that asks "whether working conditions were made so intolerable by the agency that a reasonable person in the employee's position would have felt compelled to resign." *Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1341 (Fed. Cir. 2001). The employee must show that: "(1) the agency effectively imposed the terms of . . . resignation . . . ; (2) the employee had no realistic alternative but to resign . . . ; and (3) the employee's resignation . . . was the result of improper acts by the agency." *Id.* (citing *Fruhauf Sw. Garment Co. v. United States*, 111 F. Supp. 945, 951 (Ct. Cl. 1953)).

Kibler argues that he "provided . . . clear and convincing evidence[] in support of the unbearable working conditions the agency effectively imposed" on him, and that his allegations were non-frivolous. The Board examined each of Kibler's allegations and found that, even if

proven, they would not have established a work environment so hostile that a reasonable person in Kibler's position would have been forced to resign.

We agree with the Board. With respect to Kibler's allegations concerning LWOP, for instance, Kibler concedes that LWOP is granted entirely at the agency's discretion. The denial of Kibler's request for LWOP was therefore not improper, much less an act that would have compelled a reasonable person to resign. Similarly, although Kibler was dissatisfied with the agency's failure to provide him with timely performance standards, his dissatisfaction was open to a grievance procedure—which in fact Kibler successfully pursued.[1] The Board also correctly determined that Kibler's conclusory allegations of "retaliation," "discrimination," and "disparate treatment" were insufficient to satisfy the standard for involuntariness. J.A. 7. Thus, we agree that Kibler failed to assert a non-frivolous allegation that the agency made working conditions so difficult that a reasonable person would have felt compelled the resign. As such, the Board correctly determined that it had no jurisdiction over this case.

**AFFIRMED**

Costs

No Costs.

---

[1]    Kibler also argues that he lacked an alternative to resignation because the agency denied his within-grade increase. But as he concedes, the agency did not do so until after he tendered his resignation, and the question of whether a resignation was involuntary is assessed at the time it was submitted. *Cruz v. Dep't of Navy*, 934 F.2d 1240, 1244 (Fed. Cir. 1991) (en banc).